Jeffrey R. Krinsk  (CA Bar No. 109234)
jrk@classactionlaw.com
Mark L. Knutson  (CA Bar No. 131770)
mlk@classactionlaw.com
William R. Restis (CA Bar No. 246823)
wrr@classactionlaw.com
FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
San Diego, California 92101-3579
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

Attorneys for Plaintiff Cheri Astrahan

MARK F. SULLIVAN, State Bar No. 111011
mark.sullivan@calawcounsel.com
GEORGE P. GALBRAITH-ALBUTT, State Bar No. 243030
george.galbraith@calawcounsel.com
SULLIVAN TAKETA LLP
2629 Townsgate Road Suite 250
Westlake Village, California 91361-3755
Telephone: (818) 889-2299
Facsimile: (818) 889-4497

Attorneys for Defendants Pacific Telecom Communications Group,
International Telephone Corporation, Telephone Management Corporation,
Steve Hamilton, and Fred Anthony Accuardi

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERI ASTRAHAN, et al., | Case No. SACV 12:2184-JST(MLGx) |
| Plaintiff, | **JOINT STIPULATION TO DISMISS ACTION UNDER RULE 41(a)(1)(A)(ii)** |
| v. | Assigned to Hon. Josephine S. Tucker |
| PACIFIC TELECOM COMMUNICATIONS GROUP, et al., | |
| Defendants. | |

This stipulation is made by Plaintiff Cheri Astrahan, by Defendant Pacific Telecom Communications Group ("Pacific Telecom"), by Defendant Steve Hamilton ("Hamilton"), by Defendant International Telephone Corporation ("International Telephone"), by Defendant Telephone Management Corporation ("Telephone Management"), and by Defendant Fred Anthony Accuardi (misidentified in the Complaint as Fred Anthony Antone Accuardi) ("Accuardi"). Plaintiff and Defendants are referred to collectively as "the Parties."

**WHEREAS:**

A. Plaintiff alleges that she is a residential telephone subscriber who has been registered with the Federal Trade Commission's Do Not Call (DNC) List . She alleges that she has received unsolicited prerecorded advertising messages on her residential telephone line which were were placed using an "artificial or prerecorded voice" as prohibited by the Telephone Consumer Protection Act (TCPA). 47 U.S.C. § 227(b). Plaintiff alleges that there is a class of telephone subscribers who have similarly received such calls that were initiated by Defendants.

B. Based on the above allegations, Plaintiff brings claims against Defendants for violation of 47 U.S.C. § 227(b) on an individual and a class basis.

C. Defendants deny that they are liable for the claims alleged in the lawsuit.

D. In disclosures under Rule 26(a), Defendants have produced documents and provided information indicating that the claims pled in the lawsuit have a low probability of success.

E.      Rule 41(a)(1)(A)(ii) allows a plaintiff to voluntarily dismiss an action without court order by filing a stipulation of dismissal signed by all parties who have appeared. See *Duke Energy Trading & Mktg. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (noting that voluntary dismissal under Rule 41(a)(1)(A) "requires no action on the part of the court" and holding that "[o]nce the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims.")

F.      Rule 23(e) was modified in 2003 to eliminate any requirement for Court approval or notice to the putative class when a class representative voluntarily dismisses class allegations without prejudice before a ruling on class certification. See Committee Notes on Rules—2003 Amendment:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be--and at times was--read to require court approval of settlements with putative class representatives that resolved only individual claims. [Citation.]  The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise. Subdivision (e)(1)(B) carries forward the notice requirement of present Rule 23(e) when the settlement binds the class through claim or issue preclusion; notice is not required when the settlement binds only the individual class representatives.

**NOW, THEREFORE, the Parties, appearing through their respective counsel, hereby stipulate and agree as follows:**

1.      Plaintiff will voluntarily dismiss, with prejudice, her individual claims against the Defendants and their referenced affiliates refenced in paragraph C, above.

2.     Plaintiff will voluntarily dismiss, without prejudice, her class claims against the Defendants and their referenced affiliates refenced in paragraph C, above.

3.     Defendants will pay a portion of the actual out-of-pocket costs incurred to date by Plaintiff's counsel in the amount of $12,000.00 . Defendants have agreed to pay these costs with the understanding that it is in fact a reimbursement of incurred costs and none of the same is being paid to Plaintiff.

4.     Each Party will bear its own costs and attorneys' fees in this action.

Respectfully submitted,

Dated:  September 10, 2013          FINKELSTEIN & KRINSK LLP

By:  /s/ William R. Restis
     William R. Restis

     Jeffrey R. Krinsk
     Mark L. Knutson
     501 West Broadway, Suite 1250
     San Diego, CA 92101-3593
     Telephone:  (619) 238-1333
     Facsimile:   (619) 238-5425
     Email:  wrr@classactionlaw.com
     Counsel for Plaintiff and the putative Class

Dated:  September 11, 2013          SULLIVAN TAKETA LLP

By:  /s/ Mark F. Sullivan
     Mark F. Sullivan

     George P. Galbraith-Albutt
     Counsel for Defendants Pacific Telecom
     Communications Group, International
     Telephone Corporation, Telephone
     Management Corporation, Steve Hamilton,
     and Fred Accuardi